IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

JOHN BONICH,

      Plaintiff,

-vs-

NAS COMPONENT MAINTENANCE,
INC., a Florida corporation, and
ANGEL CAMACHO-MARTINEZ,

      Defendants,

_____/

## **<u>COMPLAINT</u>**

    **COMES NOW**, Plaintiff, John Bonich, by and through the undersigned attorneys, hereby sues Defendants, NAS Component Maintenance, Inc., ("NAS") and Angel Camacho Martinez, individually, and therefore states as follows:

I.    <u>Introduction</u>

1.    This is an action for relief as a result of Defendants' violations of both federal and state wage and hour laws by failing to pay the Plaintiff for all hours actually worked, and thereby also failing to pay the applicable minimum wage. Plaintiff seeks compensatory damages, liquidated damages and all other allowable relief to remedy Defendants' violations of federal and state employment laws by failing to adequately compensate Plaintiff for the hours he worked.

## II.      Jurisdiction

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

3.  This Court has supplemental jurisdiction over the claims brought pursuant to Florida Statute § 448.08 pursuant to 28 U.S.C. § 1367(a), as these claims are related to the federal claims brought herein and arise from the same case or controversy as those federal claims.

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of Florida because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## III.      Parties

5.  Plaintiff, John Bonich, is a resident of Broward County, Florida and was employed as a laborer in the Shipping and Receiving Department for Defendants from on or about October 15, 2019 until March 23, 2020, and was at all relevant times an hourly, nonexempt employee.

6.  Defendant, NAS, is a corporation formed under the laws of the State of Florida and maintains its principal place of business in Miami-Dade County, Florida.  Defendant, NAS, was at all times material hereto, an employer covered by the FLSA, and Florida law.

7.  Defendant, Angel Camacho Martinez, is believed to be a resident of Miami-Dade County, Florida, and also an owner and corporate officer of NAS. Moreover, this Defendant exercised control over significant aspects of NAC's day-to-day functions,

including compensation of employees. Accordingly, Defendant, Camacho Martinez, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d).

8. Defendant, NAS, was at all times material hereto engaged in the manufacturing, repair or servicing of parts for aircraft. Those business activities are ones to which the Fair Labor Standards Act applies. Both, the Defendants business and the Plaintiff's work for the Defendants, affected interstate commerce during the relevant time period. Plaintiff's work for the Defendants also affected interstate commerce, during the relevant period, because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job, moved through interstate commerce prior to and/or subsequent to Plaintiffs use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs work for the Defendants.

9. Additionally, Defendants regularly employed two or more employees for the relevant period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

10. Furthermore, upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, and 2019.

## IV.    COUNT I - Federal Minimum Pay Violation

11. Plaintiff incorporates paragraphs one through ten, as if fully restated.

12. Plaintiff worked for Defendants from on or about October 15, 2019 until March 23, 2020, at an agreed upon hourly wage of $23.00, per hour.

13. Plaintiff's position was furloughed and or terminated from his position on or about March 23,2020.

14. At all times material hereto, the Florida minimum wage was $8.56, per hour.[1]

15. However, from approximately March 1, 2020 to March 20, 2020, Plaintiff was not paid any wages, despite working an estimated five days per week and eight hours per day.

16. More specifically, plaintiff worked and is due the following:

| Workweek Ending | Pay Date When Due | Estimated Hours | Minimum Wages Due | Liquidated Damages |
|---|---|---|---|---|
| March 7th, 2020[2] | March 13, 2020 | 40 | $342.40 | $342.40 |
| March 14th, 2020 | March 20, 2020 | 40 | $342.40 | $342.40 |
| March 21st, 2020 | March 27, 2020 | 40 | $342.40 | $342.40 |

17. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

18. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages, and are entitled to all unpaid minimum wages, an equal amount as liquidated

---

[1] The applicable federal minimum wage was $7.25, per hour.
[2] Plaintiff did receive a check from defendant, NAS, numbered 2547 (for the net amount $711.95), which would have satisfied the workweek ending March 7th, 2020. However, upon receipt Plaintiff was told not to cash the check due to the unavailability of funds.

damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 201, et seq.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages, as allowed by the Fair Labor Standards Act together with costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## II.       COUNT II - State Law Claim for Unpaid Wages

19. Plaintiff incorporates paragraphs one through six, as if fully restated.

20. This is an action for damages for $2,760.00, in unpaid compensation, exclusive of interest, attorney's fees and recoverable costs.

21. At all relevant times, Plaintiff was an employee of Defendant, NAS, within the meaning of F.S. § 448.101(2).

22. At all relevant times, Defendant, NAS, was the "employer" of Plaintiff , within the meaning of F.S. § 448.101(3).

23. For the labor more fully described below, Defendant, NAS, promised to pay the Plaintiff $23.00, per hour. Defendant has not paid any part of such wages, despite plaintiff's repeated requests that defendant do so.

24. Between March 1st, 2020 and March 20th, 2020, Defendant suffered and permitted Plaintiff to work at their business location.

25. However, from approximately March 1, 2020 to March 20th, 2020, Plaintiff was not paid any wages, despite working an estimated five days per week and eight per day. More specifically, the plaintiff worked and is due the following:

| Workweek Ending | Pay Date When Due | Estimated Hours | Gross Pay Due |
|---|---|---|---|
| March 7th, 2020[3] | March 13, 2020 | 40 | $920.00 |
| March 14th, 2020 | March 20, 2020 | 40 | $920.00 |
| March 21st, 2020 | March 27, 2020 | 40 | $920.00 |

26. Defendant's decision to withhold all pay earned by Plaintiff between March 1st, 2020 and March 20th, 2020 was made knowingly, willfully and intentionally, and in reckless disregard for the law.

27. A written demand for the payment of the unpaid wages was made on March 24th, 2020 and was received on March 25, 2020. Over fifteen days have now lapsed and payment has still not been made for the unpaid wages.

28. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to all unpaid wages, all unpaid tips, prejudgment interest, and costs incurred in bringing this action.

29. Pursuant to Section §448.08 of the Florida Statutes, plaintiff is entitled to costs of the action and a reasonable attorney's fee.

**WHEREFORE**, plaintiff requests judgment against defendant, NAS, for damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

---

[3] Plaintiff did receive a check from defendant, NAS, numbered 2547 (for the net amount $711.95), which would have satisfied the wages due for the workweek ending March 7th, 2020. However, upon receipt Plaintiff was told not to cash the check due to a lack of funds.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 15th day of April 2020.

Respectfully submitted,

MKRS LAW, PL.
Attorneys for Plaintiff
201 Alhambra Circle, Suite 802
Coral Gables, FL 33134
Tel.   (305) 446-5228
Fax    (305) 446-7110

By:     */s/ Sergio R. Casiano, Jr.*
        Sergio R. Casiano, Jr.
        Fla. Bar No.: 457302
        sergioc@mkrs.com