UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-21582-CIV-MORENO**

JOHN BONICH,

        Plaintiff,

vs.

NAS COMPONENT MAINTENANCE, INC.
and ANGEL CAMACHO-MARTINEZ,

        Defendants.

                                          /

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon the Plaintiff's Verified Motion for Default Final Judgment **(D.E. 13)**, filed on **May 15, 2020**.

THE COURT has considered the Verified Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

In this Fair Labor Standards Act case, the Clerk entered Default against Defendants NAS Component Maintenance, Inc. and Angel Camacho-Martinez for their failure to answer or otherwise respond to the Summons and the Complaint, which was served by the Plaintiff. (*See* D.E. 11.) Plaintiff now asks the Court, in a Verified Motion,[1] to enter Default Final Judgment against Defendants in the amount of $2,054.40 for the unpaid federal minimum wage claim under the Fair Labor Standards Act (Count 1), and $2,760.00 for the "unpaid wages" claim under Florida law (Count 2).

---

[1] The Verified Motion includes the following verification by Plaintiff: "I, JOHN BONICH, pursuant to 28 U.S.C. § 1746, hereby make this declaration from my personal knowledge and, if called upon to do so, could and would competently testify to the facts contained in the foregoing in a court of law. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct." (*See* D.E. 13 at 6.)

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), the Court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.  Fed. R. Civ. P. 55(b)(2)(A)–(D).  "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  *United States v. Swartout*, 293 F. Supp. 3d 1377, 1378 (S.D. Fla. 2018) (quoting *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985)).

## II.  DISCUSSION

The Complaint alleges that Defendants NAS Component Maintenance, Inc. and Angel Camacho-Martinez did not pay Plaintiff any wages for the 120 hours that Plaintiff worked for Defendants during three workweeks in March 2020.  (*See* D.E. 1 at ¶¶ 15–16, 25.)  For the unpaid federal minimum wage claim under the Fair Labor Standards Act in Count 1, Plaintiff requests $2,054.40, which he calculates by totaling the Florida minimum wage of $8.56 per hour multiplied by the 120 hours that he worked for Defendants between March 1, 2020 and March 20, 2020 (*i.e.* $1,027.20), with an equal amount in liquidated damages.  (*Id.* at ¶¶ 14–16; *see also* D.E. 13 at 4.)  For the "unpaid wages" claim under Florida law in Count 2, Plaintiff requests $2,760.00, which he calculates by multiplying the 120 hours that he worked for Defendants between March 1, 2020 and March 20, 2020 by the $23.00 per hour wage that he was "promised" by Defendant NAS Component Maintenance, Inc.  (*See* D.E. 1 at ¶¶ 20, 23, 25; D.E. 13 at 5.)

**A.  COUNT 1 – CLAIM FOR UNPAID FEDERAL MINIMUM WAGE UNDER THE FAIR LABOR STANDARDS ACT**

Under Section 206 of the Fair Labor Standards Act, "[e]very employer shall pay to each of his employees . . . not less than the minimum wage rate in effect under subsection (a)(1)," which is presently $7.25 per hour.  *See* 29 U.S.C. §§ 206(a)(1), (b).  Any employer who violates Section 206 of the Act "shall be liable to the employee . . . affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."  *See* 29 U.S.C. § 216(b).

Plaintiff requests $2,054.40 for his Fair Labor Standards Act claim.  As explained above, Plaintiff calculates this amount by totaling the Florida minimum wage of $8.56 per hour multiplied by the 120 hours that he worked for Defendants between March 1, 2020 and March 20, 2020 (*i.e.* $1,027.20), with an equal amount in liquidated damages.

The Court disagrees with this calculation of damages.  The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage.  *See Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *3 (M.D. Fla. Feb. 6, 2017) ("Although states are entitled to set a minimum wage rate that is higher than the federal minimum wage rate, the FLSA contains no provision requiring the payment of the higher state minimum wage. Accordingly, Plaintiff is only entitled to recover the lower minimum wage rate mandated under the FLSA.").  Thus, the Court finds that Plaintiff is only entitled to $1,740.00 under the Act: that is, the federal minimum wage of $7.25 per hour multiplied by the 120 hours that Plaintiff worked for Defendants in March 2020 (*i.e.* $870.00), plus an equal amount in liquidated damages.

Furthermore, because Plaintiff is recovering liquidated damages he cannot also recover pre-judgment interest.  *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("Plaintiffs may not recover both liquidated damages and prejudgment interest under the FLSA.")

(citations omitted). Plaintiff is, however, entitled to post-judgment interest. *See* 28 U.S.C. § 1961

## B. COUNT 2 – CLAIM FOR "UNPAID WAGES" UNDER FLORIDA LAW

It appears that the basis for Plaintiff's "unpaid wages" claim in Count 2 is Florida Statute

Sections 448.101(2)–(3), 448.108. (*See* D.E. 1 at ¶¶ 21–22, 29.) These Sections—which set out

definitions and a right to attorneys' fees—do not create or provide a cause of action for unpaid

wages under Florida law. *See Preve v. JTW Lending, Inc.*, No. 08-80593, 2008 WL 11470775, at

\*6 (S.D. Fla. Nov. 14, 2008), *report and recommendation adopted*, 2008 WL 11470770 (S.D. Fla.

Dec. 1, 2008). An appropriate basis for Plaintiff's claim is Florida common law; thus, the Court

will construe the unpaid wages claim in Count 2 as such. *Id.* (citing *Edwards v. Niles Sales &

Serv., Inc.*, 439 F. Supp. 2d 1202, 1208 (S.D. Fla. 2006)).

Florida common law permits actions to recover unpaid wages and broadly construes wages

to include all compensation paid by an employer for the performance of service by an employee.

*Id.* (citing *Richey v. Modular Designs. Inc.*, 879 So. 2d 665 (Fla. 1st DCA 2004); *Gulf Solar, Inc.

v. Westfall*, 447 So. 2d 363, 366 (Fla. 2d DCA 1984)). This also includes promised, but unpaid

wages. *See Hanshaw v. Veterans & Medicaid Planning Grp., PLLC*, No. 5:17-cv-410-Oc-41PRL,

2019 WL 3854986, at \*5 (M.D. Fla. Mar. 28, 2019) (finding that allegations that an employer

orally promised to pay quarterly bonus to plaintiff and that plaintiff subsequently performed duties

were sufficient to state a claim for unpaid wages under Florida law).

Here, Plaintiff requests $2,760.00 for his "unpaid wages" claim under Florida law. Plaintiff

calculates this amount by multiplying the $23.00 per hour wage that Plaintiff was "promised" by

Defendant NAS Component Maintenance, Inc. by the 120 hours that Plaintiff worked for

Defendants between March 1, 2020 and March 20, 2020. (D.E. 1 at ¶¶ 20, 23, 25; D.E. 13 at 5.)

The Court again disagrees with Plaintiff's calculation of damages. This calculation would

impermissibly allow Plaintiff to recover the same damages for the same injury multiple times: the $870.00 in unpaid federal minimum wages that Plaintiff is entitled to under Count 1 is also included in Plaintiff's calculation for his "unpaid wages" claim under Florida law in Count 2.  And it is well established that a plaintiff cannot double recover unpaid wages.  *See Groeschel v. Casey Key Fish House, Inc.*, No. 8:18-cv-2500-T-33AAS, 2019 WL 1093450, at *4 (M.D. Fla. Feb. 27, 2019) ("Courts are also careful to avoid allowing FLSA plaintiffs to obtain double recovery of monetary awards.") (citations omitted); *Medina v. Harry A's Tavern*, No. 4:07cv193-RH/WCS, 2008 WL 11458632, at *1 (N.D. Fla. Oct. 7, 2008) ("A plaintiff cannot recover the same damages twice, no matter how many different statutes authorize him to recover the damages once.") (citing *Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) ("Since [plaintiff] received compensation under the FLSA for his claims, he cannot recover again under Maine law."); *Kasten v. Saint-Gobain Performance Plastics Corp.*, No. 07-cv-449-jcs, 2007 WL 5414927, at 2 (W.D. Wis. Dec. 7, 2007) ("Although plaintiffs would not be able to obtain double recovery under all their claims they are free to plead such alternative theories."); *Smith v. Micron Elecs., Inc.*, No. CV–01–244–S–BLW, 2005 WL 5328543, at *7 (D. Idaho Feb. 4, 2005) ("Courts have held, however, that an award of damages under state wage claim laws must be offset by the damages recovered under the FLSA to avoid double recovery.") (citations omitted)).

This does not mean, however, that Plaintiff cannot recover any unpaid wages under Count 2.  It is true that Section 216 of the Fair Labor Standards Act "is the exclusive remedy" for enforcing the right to a federal minimum wage under the Act.  *See Belmonte v. Creative Props., Inc.*, 19-61438-CIV, 2019 WL 5063832, at *2 (S.D. Fla. Oct. 8, 2019) (collecting cases).  But, notably, the Act "does not provide for an employee's *promised wages in excess of those required by the [Act].*"  *Preve*, 2008 WL 11470775, at *6 (emphasis added), *report and*

*recommendation adopted*, 2008 WL 11470770; *see also Smith*, 2005 WL 5328543, at \*7 (noting that "an award of damages under state wage claim laws must be offset by the damages recovered under the FLSA to avoid double recovery").

Here, Plaintiff asserts under penalty of perjury that Defendant NAS Component Maintenance, Inc. "promised" to pay him $23.00 per hour to work as a laborer in the Shipping and Receiving Department, and that he worked 120 hours for Defendants between March 1, 2020 and March 20, 2020. (*See* D.E. 13 at 4–6.) Moreover, Florida law allows recovery of promised, unpaid wages. *See Hanshaw*, 2019 WL 3854986, at \*5. Therefore, the Court finds that Plaintiff can recover a total of $1,890.00 for Count 2: that is, $15.75 per hour (*i.e.* the $23.00 per hour promised by Defendant NAS Component Maintenance subtracted by the $7.25 per hour already recovered under the Fair Labor Standards Act) for each of the 120 hours that Plaintiff worked for Defendants between March 1, 2020 and March 20, 2020.

### III.    CONCLUSION

For the reasons explained above, it is

**ADJUDGED** that Plaintiff's Verified Motion for Default Final Judgment (**D.E. 13**) is **GRANTED IN PART** as follows:

(1) Judgment is hereby entered in favor of Plaintiff John Bonich and against Defendant NAS Component Maintenance, Inc. and Defendant Angel Camacho-Martinez;

(2) Plaintiff shall recover:

    (a) From Defendants NAS Component Maintenance, Inc. and Angel Camacho-Martinez, jointly and severally, compensatory damages in the amount of $870.00 and liquidated damages in the amount of $870.00 (a total of $1,740.00), excluding pre-judgment interest, for the Fair Labor Standards Act claim in Count 1;

    (b) From Defendant NAS Component Maintenance, Inc. compensatory damages in the amount of $1,890.00 for the unpaid wages claim under Florida law in Count 2;

    (c) From Defendants NAS Component Maintenance, Inc. and Angel Camacho-Martinez,

- 7 -

jointly and severally, costs in the amount of $400.00; and

**(d)** Interest shall accrue on this Judgment pursuant to 28 U.S.C. §1961, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>4th</u> of June, 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Angel Camacho-Martinez
2741 W. 81 Street
Hialeah, FL 33016

NAS Component Maintenance, Inc.
c/o Angel Camacho Martinez
2741 W. 81 Street
Hialeah, FL 33016